# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MICHAEL KELLY,                          )
                                        )
                    Plaintiff,                  )
                                        )
                v.                          )      No. 08-4101-CV-C-SOW
                                        )
NARAYANA ADUSUMILLI, et al.,            )
                                        )
                  Defendants.                 )

## REPORT, RECOMMENDATION AND ORDER

On September 9, 2008, defendants filed a motion to dismiss. Plaintiff has filed suggestions in opposition.[1]

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

of the loss and the causal connection that the plaintiff has in mind.'"  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Defendants argue that plaintiff, a mental patient at Fulton State Hospital, has a court-appointed guardian, and that state proceedings are available to seek review of his claims filed in this case.  Defendants argue that this court should abstain from hearing plaintiff's claims.  Plaintiff argues that there are no ongoing state proceedings, that his guardian approves of this lawsuit, and that he wants to continue with this case as a regular civil rights lawsuit against the defendants.  Plaintiff alleges defendants have forced him to work, making his left upper extremity palsy condition and pain worse.

It is well-established policy that the federal courts should abstain from meddling in litigation pending in state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943).  See also Younger v. Harris, 401 U.S. 37, 46 (1971).  In the instant case, the appointment of a guardian on behalf of plaintiff establishes that there are ongoing state proceedings because Missouri law requires at least annual reviews of court-appointed guardianship.  Mo. Rev. Stat. § 475.082.  At these annual reviews, plaintiff's guardian may give an opinion as to the adequacy of the present care of the ward.  Mo. Rev. Stat. § 475.082.2(8).  Based on such report, the court makes its review and "may require any hospital, physician or custodial facility to submit copies of their records relating to the treatment, habilitation or care of the ward."  Mo. Rev. Stat. § 475.082.3.  Further, should the ward be concerned his guardian is not adequately representing his interests, he may, pursuant to Missouri law, petition the state court to review the guardianship.  Mo. Rev. Stat. § 475.082.5.

In the instant case, plaintiff, by his own statements, agrees that he has a court-appointed guardian.  Thus, this case must be brought by plaintiff's guardian on his behalf, not by plaintiff himself.  Plaintiff's allegation that as a patient he is being forced to work at Fulton State Hospital is an issue involving his care and treatment.  Thus, as set forth in Mo. Rev. Stat. § 475.082, plaintiff's guardian, who, plaintiff states, agrees with his claim that his care at Fulton State Hospital should not include his being forced to work, can bring this concern before the state court for review, pursuant to the ongoing guardianship proceedings.

Furthermore, pursuant to subsection 475.082.5, plaintiff may move for review by the state court, at any time, upon allegations that his guardian is not discharging his or her responsibilities or has not acted in plaintiff's best interest.

Therefore, pursuant to the ongoing state proceedings regarding plaintiff's appointment of a guardian ad litem, as well as his treatment, habilitation and care, which provide plaintiff and/or his guardian adequate opportunity for review of plaintiff's claims of being forced to work at Fulton State Hospital, plaintiff's claims should be dismissed on abstention grounds. See e.g., Shelton v. Santos, No. 03-4097 (W.D. Mo. 2004), aff'd, No. 04-1600 (8th Cir. June 18, 2004) (unpublished) (plaintiff's claims challenging the involuntary administration of the drug Haldol by FSH defendants dismissed on abstention grounds because there were ongoing state proceedings with regard to plaintiff's appointment of a guardian ad litem by the state, including a yearly review of plaintiff's treatment plan at FSH).

In light of this court's recommendation that plaintiff's claims be dismissed for failure to state a claim, plaintiff's motion for appointment of counsel will be denied, without prejudice.

Plaintiff's request that a copy of his filings be sent to the defendants in this case is moot. Plaintiff's complaint is electronically filed with the court and defense counsel receives an electronic copy of all of plaintiff's filings.

IT IS, THEREFORE, ORDERED that plaintiff's motion that copies of his filings be forwarded to defendants is moot. [19] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [21] It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed, without prejudice, on abstention grounds. [17]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

3

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of December, 2008, at Jefferson City, Missouri.


/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4